# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| ROBERT LEE HARRIS, JR., | ) |
| | ) |
|       Plaintiff | ) |
| v. | ) 1:11-cv-00472-GZS |
| | ) |
| MARTIN A. MAGNUSSON, et als., | ) |
| | ) |
|       Defendants | ) |

## **RECOMMENDED DECISION**

On December 12, 2011, Robert Lee Harris, Jr. filed a complaint with this court. Harris is a prisoner at the Lebanon Correctional Facility in Lebanon, Ohio. His complaint was accompanied by neither a filing fee nor an application to proceed without prepayment of the filing fee. On December 13, 2011, I issued an Order that Plaintiff either pay the required filing fee or file a properly completed application for leave to proceed *in forma pauperis*, by January 4, 2012, failing which I would issue a recommendation that the action be dismissed. As of today's date, Plaintiff has neither paid the required filing fee nor filed a properly completed application for leave to proceed *in forma pauperis*.

Harris's complaint arises in an unusual context for prisoner litigation. He is suing six Maine prison officials (and 2 federal prison officials) for monetary damages for what he characterizes as an illegal confinement by Maine authorities from September 20, 2009, to April 7, 2011, when he was released from Maine's custody and went into custody in Ohio on state charges in that jurisdiction. According to the submissions accompanying the complaint, Harris litigated the legality of his confinement in both a Maine state post-conviction proceeding and a federal habeas petition. Harris attached a copy of a memorandum of decision authored by Judge

Caldwell of the Middle District of Pennsylvania, indicating that Maine originally projected a release date for Harris of October 23, 2016, but that it subsequently recalculated his release under a different "good-time" law to be September 20, 2009. Judge Caldwell dismissed Harris's habeas petition in the Middle District of Pennsylvania as moot on June 22, 2011, "without prejudice to Petitioner's right to initiate a civil-rights action in a more appropriate forum." Harris v. Ebbert, Civ. No. 1:CV-10-0336, (M.D. Pa., 2011). I gather that this lawsuit is Harris's attempt to do just that. Federal prison officials appear to be involved in the case because Harris was also serving time in federal institutions in addition to the Maine and Ohio sentences, although it is not clear to me whether there was a separate federal conviction in place or whether Harris was serving his Maine and/or Ohio sentence as a transferee to federal custody. (See Doc. Nos. 1-1 – 1-8.) In any event the complaint states sufficient facts that if Harris had complied with my Order and completed an IFP form or paid the filing fee, I would have ordered service on the State defendants in order to more fully develop the record.

However, Harris has not responded to my Order to either file an application to proceed in forma pauperis or pay the filing fee. I therefore conclude that he has failed to properly initiate this case and that this Court has no option but to dismiss the proceeding. Gladwell v. Scofield. 222 Fed. Appx. 750 (10th Cir. 2007).

Accordingly, it is recommended that the Complaint be **DISMISSED** without prejudice for plaintiff's failure to prosecute this action.

NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to

28 U.S.C. § 636(b)(1)(B) (1993) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

  Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

January 13, 2012

             /s/ Margaret J. Kravchuk
             U.S. Magistrate Judge