UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| ROBERT LEE HARRIS, JR., | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 1:11-cv-00472-GZS |
| | ) | |
| MARTIN A. MAGNUSSON, *et als.*, | ) | |
| | ) | |
| Defendants | ) | |

**RECOMMENDED DECISION AFTER SCREENING CERTAIN CLAIMS
PURSUANT TO 28 U.S.C. §§ 1915(e), 1915A**

Harris complains that his incarceration on certain Maine state convictions was unlawfully extended by more than a year due to a calculation error on the part of the Maine Department of Corrections. At the time when Harris was allegedly unlawfully detained, Harris was serving his state sentence in the United States Penitentiary in Leavenworth, Kansas. Presently, Harris is a prisoner at the Lebanon Correctional Facility in Lebanon, Ohio. Harris has leave of court to proceed *in forma pauperis*. His complaint is subject to screening, pursuant to sections 1915(e) and 1915A of Title 28. I recommend that the Court dismiss the action as to certain named defendants, for reasons that follow.

**THE SCREENING DUTY**

Federal law imposes on district courts the duty to review at the earliest opportunity any civil complaint "in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In its review, the court is to "identify cognizable claims" and otherwise "dismiss the complaint, or any portion of the complaint," to the extent that it is "frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief."

Id. § 1915A(b).  Similarly, Congress has directed that the district courts "shall" dismiss "at any time" cases or claims proceeding *in forma pauperis*, if the court determines that the action is frivolous, malicious, fails to state a claim, or seeks money damages from an immune defendant. Id. § 1915(e).

## DISCUSSION

Harris's complaint is subject to screening because he is a prisoner who seeks redress from government employees and because he is proceeding *in forma pauperis*.  His complaint should be dismissed, in part, because he asserts claims against two federal employees at F.C.I. Allenwood who are not subject to liability for his allegedly unlawful incarceration.  Harris alleges that "the Maine Department of Corrections arbitrar[il]y and capriciously changed [his] sentencing calculations without due process or notice."  (Compl. ¶ 21.)  (See also Ex. D, Doc. No. 1-4 (describing the sentence calculation error).)  He does not articulate any facts that would make it plausible to infer that the named officials at F.C.I. Allenwood are responsible for the error that extended his stay at Leavenworth.

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  A complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009).

In addition to naming certain defendants associated with the Maine Department of Corrections, Harris brings suit against David Ebbert, allegedly the warden of F.C.I. Allenwood, and Sue Stover, allegedly the records supervisor at F.C.I. Allenwood.  Harris's complaint does

not explain what this federal correctional institution or its personnel had to do with his term of imprisonment at Leavenworth, but he does allege that Defendant Stover "is responsible for inmates' files, and must take reasonable steps to maintain accuracy of information to assure fairness to individual[s] in reference to their file information and decisions based on their files." (Compl. ¶ 11.) Evidently, Harris alleges that Allenwood is the location at which the Federal Bureau of Prisons keeps its files in connection with its contractual incarceration of inmates serving state sentences in federal facilities. In any event, even if this allegation is accepted as true, that does not raise a plausible inference that Warden Ebbert or Ms. Stover is subject to liability in money damages based on alleged errors made by the Maine Department of Corrections. My independent research has failed to uncover a case in which an Allenwood official has been regarded as subject to liability on a claim for an unlawfully extended incarceration, on a state conviction, due to a state official's error, simply because the plaintiff was serving his sentence in a federal prison facility. Nor can I conceive of a plausible legal theory that would explain such a claim.

## CONCLUSION

For the reasons set forth above, I RECOMMEND that the Court dismiss Harris's claims against David Ebbert and Sue Stover.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

March 22, 2012                              /s/ Margaret J. Kravchuk
                                            U.S. Magistrate Judge